```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT


Christine Porter,                 :
                                  :
        Plaintiff,                :
                                  :
    v.                            :     Case No. 1:15-cv-155-jgm
                                  :
Dr. Alan Bonsteel,                :
                                  :
        Defendant.                :
```

                        OPINION AND ORDER
                             (Doc. 1)

    Plaintiff Christine Porter, proceeding pro se, moves to proceed *in forma paurperis* against Defendant Dr. Alan Bonsteel, alleging state law medical negligence (Docs. 1, 1-1.) Because the financial affidavit in support of the motion meets the requirements of 28 U.S.C. § 1915(a), the motion for leave to proceed *in forma pauperis* is GRANTED.  For the reasons set forth below, however, this case is DISMISSED.

                            Discussion

    Ms. Porter alleges that on February 22, 2012, Dr. Bonsteel prescribed her levothyroxine, which caused her to have an allergic reaction resulting in "infladema to the lower extremity of both legs."  (Doc. 1-1 at 3.)  Porter continues to suffer from this chronic condition, which requires ongoing medical treatment. As relief, she seeks $3.3 million in monetary damages, as well as injunctive relief.

Pro se filings are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). A district court may dismiss a case, however, if it determines the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Furthermore, federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006).

Here, because Porter's claims arise under state law, she must establish that diversity jurisdiction exists under 28 U.S.C. § 1332 in order to proceed. Section 1332 requires, in relevant part, that: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and (2) the matter "is between citizens of different States." 28 U.S.C. §

1332.  "Complete diversity of citizenship" is required, meaning that "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff."  <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978) (emphasis omitted).

Porter has not alleged sufficient facts to establish that she and Dr. Bonsteel are citizens of different states.  She has provided the Court with her resident address in Vermont.  She does not allege, however, that Dr. Bonsteel is a resident of a different state, nor can the Court infer otherwise from the record.  Because Porter does not allege complete diversity of citizenship, and no federal question claims exist, the Court lacks subject matter jurisdiction.  Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

District courts generally should not dismiss a pro se complaint without granting leave to amend. <u>See</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).  Because the current record is incomplete, the Court cannot conclude that granting leave to amend would be futile.  Accordingly, the Court GRANTS Porter leave to file an amended complaint within thirty (30) days of the date of this Opinion and Order.

CONCLUSION

For the reasons set forth above, after conducting the review required under 28 U.S.C. § 1915(a)(1) and 1915(e)(2)(B), Porter's

motion to proceed *in forma pauperis* (Doc. 1) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.  Porter is GRANTED leave to file an amended complaint within thirty (30) days of the date of this Opinion and Order.  Any amended filing shall be entitled "Amended Complaint" and must allege all claims and name all Defendants Porter intends to include, as the Amended Complaint will take the place of the original Complaint in all respects.  The Amended Complaint must allege sufficient facts to establish diversity of citizenship among all parties under 28 U.S.C. § 1332, or otherwise allege an alternate basis of federal jurisdiction.  Failure to file an Amended Complaint consistent with this Opinion and Order may result in a final judgment dismissing the case.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 8th day of July, 2015.

    /s/ J. Garvan Murtha  
    Honorable J. Garvan Murtha  
    United States District Judge